IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

04 FEB 23 PM 1:43

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| DANIEL W. EVANS | ) CASE NO. 04-20338 |
| | ) |
| | ) JUDGE BRIZENDINE |
| Debtor. | ) |
| | ) |

Fee
Paid 150
Balance 0
Admin

**EMERGENCY MOTION OF WE BUILD ATLANTA, INC.
FOR RELIEF FROM THE AUTOMATIC STAY**

COMES NOW We Build Atlanta, Inc. ("WBA"), creditor in the above-referenced matter and files this its Emergency Motion for Relief from the Automatic Stay against Debtor Daniel Wayne Evans ("Debtor").

1.

The basis for Estates' request for emergency relief is as follows:

1) This case is the *fourth* bankruptcy petition this Debtor has filed in this Court. Each of these filings has been for the sole purpose of frustrating the rights of the owner of Debtors' residence; first to stop a foreclosure and then to stop dispossessory proceedings by the owner/landlord.

2) Debtor's last petition was deemed by this Court to have been filed in bad faith.

3) On February 2, 2004, after several delay tactics by the Debtor, the Superior Court of Forsyth County, Georgia entered an Order granting Estates a Writ of Possession as of February 12, 2004.

4) Because of Debtor's outrageous conduct in tying up this house, leaving WBA unable to lease or dispose of it, WBA understands that the lender will foreclose on this home as early as April 2004.  WBA must gain possession of this property as soon as possible in order to seek a purchaser or lessor.  Otherwise, it will lose all equity in this home.

5) Debtor's amended creditor list shows only three entries.  Two entries (Phillip Hill and We Build Atlanta) are the same.  The only other creditor is the law firm Debtor hired in his failed attempt to remain in the Property.

6) This Motion is filed as soon as possible, given that the Movant's representative was out of state and unable to attend to this matter until February 19, 2004.

7) Given the bad faith filing and danger of irreparable harm,

Estates respectfully requests that the Court waive the notice requirements and grant emergency relief.

2.

The background facts of this case are as follows. WBA is the owner of real property located at 8265 St. Marlo Fairway Drive (the "Property"). Debtor originally owned the Property and lost it to foreclosure in or about December 2000 after apparently failing to make the required payments to his lender, Chase Manhattan Bank. WBA purchased the Property from Chase after the foreclosure, and after certain transfers, WBA reaquired the Property in February 2001.

3.

In December 2000, Evans entered into a lease/option (the "Lease") with Estate Artisans, Inc., an affiliated company of WBA. The Lease required monthly rent payments of $6,000. Almost immediately, Evans defaulted on his obligations under the Lease and stopped paying rent and, as discussed in more detail below, filed his *third* bankruptcy petition (later dismissed as bad faith). As a result, WBA filed a dispossessory in August

3

2002. Evans filed a *pro se* response to the action, essentially throwing in anything he could to obfuscate the fact that he was a tenant who refused to pay rent, and wanted to live in a house for free.

4.

On April 3, 2003 a hearing was held on WBA's Amended Motion to Compel Payment of Rents into the Court Registry. Evans *did not appear* at the hearing, and an Order was subsequently entered requiring Evans to immediately pay ***$165,600 into the Court registry, as well as $6,000 each preceding month into the registry***. WBA would otherwise be entitled to an immediate Writ of Possession.

5.

Subsequent to the entry of the April 15 Order, when he was facing immediate eviction, Evans contacted the undersigned counsel to try to resolve the dispute. On or about April 25, 2003, the parties executed a Mutual General Release and Settlement Agreement ("Settlement Agreement"). The Settlement Agreement set forth several terms, including a payment schedule within which Evans was to make payments (accrued and current rent) to WBA.

6.

Evans failed and refused to make the $65,000 payment due September 1, 2003, and rent payments for September or October, 2003. Evans, through his counsel, then attempted to dispute title to the Property, and filed a Motion for TRO and other pleadings to continue frustrating WBA's rights to possession – all the while staying rent free in property worth in excess of $1 million. Evans and his counsel also engaged in a scorched-earth attempt to threaten WBA counsel, spread libelous accusations, file false affidavits and withhold dispositive evidence from the trial court.

7.

After a hearing on the matter, an Order was entered by the Superior Court of Forsyth County dismissing all of Debtor's arguments and giving him until February 12, 2004 to vacate the property. See Exhibit A. While the case was under advisement, Evans paid no rent for the property and it inched closer to foreclosure.

8.

Having lost again in the Superior Court, Debtor came to this Court for *a fourth time* in order to remain in a house he cannot and will not pay for. A

5

conservative estimate shows that out of approximately thirty-eight months since he signed the original Lease, Debtor has paid rent less than half of those month, leading to a current arrearage of over $100,000. After filing two cases to frustrate his lender's foreclosure in 1999, Debtor started on a pattern of frustrating WBA's rights. Since December 2001 (the date of his last bad faith petition), Evans has been in litigation or Bankruptcy for all but three months trying to avoid paying for the house in which he resides. Debtor has chronically lied to everyone involved in the process. He is currently indebted to WBA for an amount in excess of $100,000 (well beyond the amount stated on his latest schedules) and has not offered to pay a dime of rent since August 2003.

9.

The dockets of this Court show the following history:

A. **Chapter 13 Case No. 99-20977**: Filed May 18, 1999; Dismissed at Confirmation July 21, 1999.

B. **Chapter 13 Case No. 99-21404:** Filed July 22, 1999 (one day after the prior case was dismissed); converted to Chapter 7 on March 1, 2000; closed September 6, 2000. Apparently, the stay was lifted for the Bank to foreclose.

C. **Chapter 13 Case No. 01-88593;** Filed December 17, 2001; dismissed with prejudice as a bad faith filing on March 15, 2002; The *only debt* listed in Debtor's schedules was a $25,000 judgment lien to Estates Artisans.  See Exhibit B.

D. **Chapter 13 Case No. 04-20338;** Filed February 11, 2004, one day prior to the effective date of WBA's Writ of Possession; skeletal petition filed for the *sole purpose* of frustrating WBA's right to possession of the Property after the Superior Court's Order. Debtor's creditor matrix, filed *under oath*, lists three creditors.  In fact, two are the same creditor, thus misleading the Court.  The third (Weinstock & Scavo) is the law firm Debtor retained in August 2003 to represent him in his failed efforts to frustrate WBA in Superior Court.

10.

All of this information is available on the Court's website and Pacer. This Petition was *filed and signed* with knowledge of the facts surrounding WBA's Writ if Possession, Debtor's only debts, and the facts set forth herein. The facts show that this Chapter 13 Petition was *filed and signed* in bad faith, and for the sole purpose of frustrating WBA's rights.  WBA

7

submits that this Petition was not only filed in bad faith under Chapter 13 of the Bankruptcy Code, but also in violation of Federal Rule of Bankruptcy Procedure 9011. While WBA is only seeking the lifting of the automatic stay, it respectfully submits that attorney's fees and/or other sanctions are appropriate under the facts of this case.

WHEREFORE We Build Atlanta respectfully requests that the Court grant an emergency hearing, and enter an Order lifting the automatic stay and allowing WBA to immediately take all steps available under non-Bankruptcy law to enforce of the Order of the Superior Court of Forsyth County, Georgia.

Respectfully submitted this 23rd day of February 2004.

_____
Scott B. Riddle
GA Bar No. 604855

Suite 2150, 100 Colony Square
1175 Peachtree St. NE
Atlanta GA 30361
Telephone: 404-815-0164
Facsimile: 404-815-0165
sbriddle@mindspring.com

IN THE SUPERIOR COURT OF FORSYTH COUNTY

STATE OF GEORGIA

FORSYTH COUNTY GEORGIA
FILED IN THIS OFFICE

FEB 0 2 2004

*Douglas Sorrells*
CLERK SUPERIOR COURT

| | | |
|---|---|---|
| WE BUILD ATLANTA, INC., | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | FILE NO. 02CV-1519 |
| DANIEL E. EVANS, | : | |
| Defendant. | : | |

### FINAL ORDER

The above-referenced case having come before this Court for a hearing on November 13, 2003 and the Court having considered the evidence presented and all matters of record hereby finds as follows:

### Findings of Fact

The present case was originally filed as a dispossessory action in the Magistrate Court of Forsyth County. Plaintiff sought possession of the premises and past due rent from the Defendant. The Defendant filed an Answer in the Magistrate Court which raised the issue of ownership of the property. The case was transferred to the Superior Court of Forsyth County on October 1, 2002.

Plaintiff filed a Motion to Compel payment of rent into the court registry on February 21, 2003. Plaintiff filed an Amended Motion to Compel payment of rent into the court registry on March 19, 2003. A hearing was held on Plaintiff's Motion to Compel on April 3, 2003, at which time there was no appearance by the Defendant. The Superior Court entered an order on April 15, 2003, that required the Defendant to pay $165,600.00 into the court registry and make payments of $6,000.00 each successive



month. The order further provided that if the Defendant failed to make payments into the court registry, then the Plaintiff would be allowed an immediate Writ of Possession.

Subsequent to the entry of the April 15, 2003 order, the Defendant contacted counsel for the Plaintiff to resolve the dispute. On or about April 25, 2003, the parties executed a Mutual General Release and Settlement Agreement. The Settlement Agreement provided for a payment schedule in which the Defendant was to make four separate payments to the Plaintiff. The Settlement Agreement further provided that the Defendant will vacate the property on or before June 2, 2003. Any failure to make the required payments under the Settlement Agreement would result in a consent judgment against the Defendant by agreement of the parties.

The first two numerated paragraphs of the Settlement Agreement provided that each party unequivocally released and discharged the other party from any and all claims, demands, actions, causes of action, charges, expenses or fees, known or unknown, related to the subject matter of the Lawsuit. The final numerated paragraph of the Settlement Agreement provided a merger clause in which the Settlement Agreement set forth the entire agreement between the parties.

The Defendant failed to make the final payment in September 2003 as required under the Settlement Agreement. Defendant has failed to make any rent payments to the Plaintiff since September 2003. The Plaintiff filed an Ex Parte Application for Immediate Writ of Possession in late October 2003. Plaintiff is seeking the Writ of Possession pursuant to the April 15, 2003 Order issued by the Court and the Settlement Agreement entered into by the parties.

Upon discovery that Plaintiff had filed an Ex Parte Application for Writ of Immediate Possession, the Defendant hired counsel who filed a response to the Application for Writ of Immediate Possession. Counsel for the Defendant also filed a Motion for Temporary Restraining Order. This Court set the matter down for hearing on November 13, 2003.

Defendant's Motion for Restraining Order raises the issue that the real owner of the subject property is in dispute. The Defendant submitted to the Court several newspaper articles and orders from cases in other counties that described fraudulent real estate transactions with an individual named Phillip Hill. The Defendant entered into a lease purchase agreement with Phillip Hill regarding the subject property of the present case. The Plaintiff has submitted to the Court copies of various deeds, both recorded and unrecorded, which show the transfer of the subject property from Phillip Hill to Elizabeth Rusciano to Plaintiff. The Defendant seeks a Restraining Order so that he may continue to remain in the subject property until the Court may determine who is the true owner of the property.

### Conclusions of Law

The Plaintiff has shown to this Court that it is the legal owner of the subject property in the present case. While Defendant filed the affidavit of Elizabeth Rusciano who claims to be the owner of the property, Defendant has failed to explain the existence of a Quitclaim Deed in which Elizabeth Rusciano gave her interest in the property to the Plaintiff. No other individuals have tried to intervene in the present action or file a quiet title action regarding the subject property. It is undisputed that the Defendant is not the legal owner of the property and he has failed to pay rent on the property.

The Defendant has tendered to the Court information regarding fraudulent land dealings with Phillip Hill. The Defendant has also tendered to the Court an order from the Superior Court of Fulton County which required the Plaintiff and Phillip Hill to list all property in which they own an interest. Defendant argues that since the Fulton County order did not list the subject property of the present case, then the Plaintiff should not be found to be the legal owner of the property in the present case. Defendant has failed to provide authority to this Court that binds the facts of the Fulton County case to any rulings by the present Court.

Furthermore, Defendant has failed to show this Court why the Court's order dated April 15, 2003 should be set aside or why the Settlement Agreement between the parties should not be enforced. At the time that the Defendant filed an Answer in the Magistrate Court of Forsyth County, he raised the issue of ownership of the property and attached articles regarding the real estate practices of Phillip Hill. Defendant failed to attend the hearing in Superior Court on April 3, 2003 which resulted in the Court's order of April 15, 2003. When the Defendant entered into the Settlement Agreement on April 25, 2003, he had knowledge of the allegations surrounding Phillip Hill and knew that a lawsuit was pending regarding the subject property. Even the Settlement Agreement outlines the procedural history of the present case on the first page. If Defendant had wanted to challenge the Court's order of April 15, 2003 or events surrounding the hearing on April 3, 2003 which he did not attend, the Defendant had other options than to enter into a Settlement Agreement. The Settlement Agreement provides that each party waives any claim that it may have against the other regarding the property. Defendant has not shown to the Court a proper legal basis to set aside the Settlement Agreement.

IT IS HEREBY ORDERED that Plaintiff is entitled to a Writ of Immediate Possession against the Defendant. Defendant's Motion for a Restraining Order is hereby denied. Defendant shall have ten (10) days from the date of this order to vacate the premises located at 8265 St. Marlo Fairway Drive.

SO ORDERED this 2 day of February, 2004.

_____
Judge David L. Dickinson
Superior Court of Forsyth County
Bell-Forsyth Judicial Circuit

Original:   Clerk of Court
Cc:         Scott B. Riddle
            Suite 2150, 100 Colony Square
            1175 Peachtree Street, NE
            Atlanta, GA  30361
            Facsimile:  (404) 815-0165

            Louis Cohan
            Suite 300
            3405 Piedmont Road
            Atlanta, GA  30305
            Facsimile:  (404) 231-1618

ENTERED ON DOCKET

03/15/02

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |  |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| DANIEL WAYNE EVANS | : | CASE NUMBER A01-88593-REB |
| DEBTOR | : | JUDGE BRIZENDINE |

## ORDER

The above-styled case came before the Court on its February 20, 2002 Confirmation Calendar. Pilar A. Cano, attorney for the Chapter 13 Trustee, was present at the hearing. The debtor's attorney announced no opposition to the relief sought by the Chapter 13 Trustee. The debtor did not appear at the hearing.

The basis of the trustee's objection to confirmation is that the present Chapter 13 filing is an abuse of process pursuant to 11 U.S.C. §105(a). The record in this case shows that the debtor failed to attend a meeting of creditors as required by 11 U.S.C. §343, and tendered no payments to the Chapter 13 Trustee as required by 11 U.S.C. §1326.

The Court takes notice that that this debtor has filed at least two (2) prior Chapter 13 cases, G99-20977-REB and G99-21404-REB. The first case was filed on May 18, 1999 and was dismissed prior to confirmation on July 21, 1999. The second case was filed on July 22, 1999 and was converted to a Chapter 7 on March 14, 2000.



PLAINTIFF'S EXHIBIT B

Based on the foregoing, the Court concludes that this most recent case was not filed in good faith. This case filing and the previous case filings and debtor's failure to prosecute these cases evidences an intent to improperly hinder and delay creditors. The Court concludes that these cases were not filed for legitimate, rehabilitative purposes. As a result, the Court concludes that the instant case was an abusive filing and the case will be dismissed. Accordingly, and for good cause shown, it is

**ORDERED** that confirmation in this case is **DENIED** and this Chapter 13 case is hereby **DISMISSED WITH PREJUDICE** pursuant to 11 U.S.C. §109(g) as an abusive filing and due to debtor's failure to prosecute the case, and debtor shall not be eligible for bankruptcy relief under Title 11 for one hundred and eighty (180) days from the date of entry of this Order.

**IT IS SO ORDERED** this 14th day of _____, 2002.

ROBERT E. BRIZENDINE
UNITED STATES BANKRUPTCY JUDGE

Presented by:

Pilar A. Cano, Attorney for the Chapter 13 Trustee
State Bar Number 243655
100 Peachtree Street, NW, Suite 1100
Atlanta, GA 30303
(404) 525-2555

## APPENDIX

Case Number **A01-88593-REB**

Rule 9013(c)(2)
Certificate of Interested Parties to be Served by Clerk

THE ORDER:

Debtor:
Daniel Wayne Evans
8265 Saint Marlo Freeway Drive
Duluth, GA 30303-1906

Attorney for Debtor:
Clark & Washington
3300 Northeast Expressway
Building 3, Suite A
Atlanta, GA 30341

Attorney for the Chapter 13 Trustee:
Pilar A. Cano
100 Peachtree Street, NW
Suite 1100
Atlanta, GA 30303

## CERTIFICATE OF SERVICE

This is to certify that I have caused this day to be served a true and correct copy of the foregoing **EMERGENCY MOTION OF WE BUILD ATLANTA, INC. FOR RELIEF FROM THE AUTOMATIC STAY OR FOR DISMISSAL WITH PREJUDICE** by facsimile and by depositing same in United States Mail in a properly addressed envelope with adequate postage thereon to:

Theodore Stapleton, Esq.
Suite 1740, Two Paces West
Atlanta GA 30339

James H. Bone
Suite 1100, The Equitable Building
100 Peachtree Street, NW
Atlanta, GA 30303-1901

This 23rd day of February 2004.

_____
Scott B. Riddle

9

```
                    U. S. BANKRUPTCY COURT
                 NORTHERN DISTRICT OF GEORGIA
                    GAINESVILLE DIVISION

                      # 00263314 - TB
                      February 23, 2004



Code       Case No     Qty      Amount   By

ST1        04-20338             $150.00  CK
  Judge  - Robert E. Brizendine
  Debtor - D. W. EVANS


TOTAL:                          $150.00


FROM: SCOTT RIDDLE
      120 MOBILE AVE NE
      ATLANTA GA 30305
```

Page 1